UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20-mj-03509-Louis

UNITED STATES OF AMERICA

vs.

BRANDON KEVIN CAMPBELL
_____ /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  __ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  __ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  __ Yes  X  No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: *Yara Klukas*
YARA L. KLUKAS
Assistant United States Attorney
Florida Bar No. 73101
99 N. E. 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9102
Yara.Klukas@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| BRANDON KEVN CAMPBELL, Kevin | ) Case No. 20-mj-03509-Louis |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 5, 2017 through the present__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2261A | Cyber Stalking |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas J. Pavletic, Special Agent, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time

Date: August 31, 2020         _____
                              *Judge's signature*

City and state:    Miami, Florida            Lauren F. Louis, United States Magistrate Judge
                                             *Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Thomas Pavletic, first being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since May 2019. Among my duties as an FBI Special Agent, I am responsible for the investigation of violations of federal law, including federal laws related to threats to life, threatening and harassing communications, cyber stalking, and firearms offenses. I am currently assigned to the FBI's Joint Terrorism Task Force ("JTTF"), where my primary responsibilities include the investigation of threat to life cases.

2. I am familiar with the facts and circumstances of the investigation based on my personal participation in the investigation, my communications with other law enforcement officers, and my examination of relevant evidence. The information contained in this Affidavit is not inclusive of all the facts of the investigation and is provided for the limited purpose of establishing probable cause to obtain a criminal complaint.

3. This Affidavit is made in support of a criminal complaint for the arrest of Brandon Kevin Campbell ("CAMPBELL"), who with the intent to kill, injure, harass, intimidate, or place under surveillance with the intent to kill, injure, harass, or intimidate another person, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that places that person in reasonable fear of death of or serious bodily injury or causes, attempts to cause, or would be reasonably expected to cause substantial emotion distress to a person, in violation of Title 18, United States Code, Section 2261A.

## PROBABLE CAUSE

4. On or about August 12, 2019, the FBI National Threat Operations Center ("NOTC") received a telephonic tip regarding threatening telephone calls received by the Walgreens store located in Rockledge, Florida, which is in the Middle District of Florida.

5. The tipster, a Walgreens store manager ("R.R.") indicated that one of his employees, A.L., received numerous threats from her ex-boyfriend, CAMPBELL. R.R. reported that CAMPBELL made approximately one hundred (100) threatening calls to his Walgreens store on August 12, 2019 alone. Specifically, R.R. stated that CAMPBELL threatened to murder A.L. and bury her body next to her mother's grave. CAMPBELL also threatened to enter the Walgreens store to shoot everyone and then commit suicide. Due to these threatening calls, A.L. was transferred to another Walgreen's store and eventually placed on administrative leave out of concern for her safety.

## LAW ENFORCEMENT CONFIRMS CAMPBELL'S IDENTITY

6. Upon further investigation, law enforcement determined that CAMPBELL works at the Miami International Airport, in Miami-Dade County as an Avionics Technician for American Airlines and resides in Miami-Dade County, both of which are in the Southern District of Florida.

7. On or around September 11, 2019, CAMPBELL was interviewed by law enforcement officers at the American Airlines Main Hangar located at 4331 Perimeter Rd. Building 3095, Miami, FL 33126. During the interview, CAMPBELL confirmed his home address to be 8261 NE 3rd Avenue, Miami, Florida 33138 and his phone number to be (***)-***-6352. He further confirmed that A.L. was his ex-girlfriend. When questioned about the calls and threats made to the Walgreens, CAMPBELL advised that he does not recall making those

threats but stated that it was very possible that he made those calls. He stated he becomes extremely angry and does not always remember.

8. Sprint company records confirmed that CAMPBELL is the phone user associated with the phone number he provided to law enforcement ((\*\*\*)-\*\*\*-6352). Sprint records further provided that CAMPBELL's address is 917 Custer St. NW Palm Bay, FL 32907, which matched the address shown on CAMPBELL's Florida driver's license.[1]

### CAMPBELL REPEATEDLY TARGETED AND HARASSED VICTIM A.L.

9. A review of call detail records obtained from Sprint confirmed that on August 12, 2019, CAMPBELL's telephone number (\*\*\*)-\*\*\*-6352 made approximately 120 calls to the Walgreens located at Rockledge, Florida using a known caller identification blocking technique. By dialing *67 before dialing the intended phone number, it prevents the caller's number from showing up on the recipient's Caller ID. Call detail records further showed that between April 1, 2019 and May 18, 2020, CAMPBELL called A.L.'s place of employment (Walgreens) approximately 1,842 times by using *67, and made an additional 208 calls using standard dialing (without employing *67).

10. During that same period, CAMPBELL called A.L. on her cellphone approximately 832 times using *67 and 33 times using standard dialing (without *67). He also called A.L.'s previous employer, Berri Patch Preschool, in Melbourne, Florida approximately 1,587 times using *67 and made an additional 167 calls using standard dialing (without *67).

11. In addition to the harassing phone calls, CAMPBELL also sent victim A.L. various threatening text messages. These messages were usually sent using a text application

---

[1] This address is Campbell's parent's residence. Campbell's mother stated that while does not live there, he does reside in Miami, Florida.

known as "TextNow" [2] to generate a random phone number (different than his personal phone number) in order to mask his identity and send messages to the victim. Call detail records confirm that on the days that CAMPBELL sent the text messages below, he also called A.L. numerous times on her cell phone, usually employing the *67 method to conceal his true phone number.

12. On or about July 10, 2019, A.L. received text messages from telephone number (***)-***-0675, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).



13. On or about August 5, 2019, A.L. received text messages from telephone numbers (***)-***-2877 and (***)-***-8323, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).

---

[2] In my training or experience, TextNow is a free computer/tablet/cellphone application that allows you to generate a user account with no requirement for account verification. No valid email or identification is needed to generate an account and the application only preserves IP information for 11 days. The application provides phone numbers at random to its users. Therefore, the app allows its users to change numbers at any time and ultimately mask their identity from law enforcement and others.




14. On or about December 7, 2019 and December 8, 2019, A.L. received text messages from telephone number (\*\*\*)-\*\*\*-0124, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).



15. On or about December 16, 2019, CAMPBELL was interviewed by law enforcement officers at his residence, in Miami-Dade County after the FBI had received notice

5

of additional text messages being received by A.L. CAMPBELL allowed law enforcement officers to view the applications on his telephone home screen. In addition, CAMPBELL showed law enforcement the applications he had previously downloaded on his telephone, which allowed law enforcement officers to observe that the text application "TextNow" had been previously downloaded onto CAMPBELL's phone. As previously stated, TextNow is the application utilized to send many of the text messages that A.L. and others received. The application provides phone numbers at random to its users allowing users to change numbers at any time and ultimately mask their identity from law enforcement and others

16. CAMPBELL was provided screenshots of messages sent to A.L. from telephone numbers that she did not recognize, to which he responded that it sounds like things he may have said to A.L. previously, but he did not send those messages.

17. On or about December 20, 2019, A.L. received text messages from telephone number (\*\*\*)-\*\*\*-5133, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).



18.     On or about January 23, 2020, victim A.L. received text messages from telephone number (***)-***-1914, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).[3]

---

[3] The picture of the victim and her current boyfriend has been redacted.



19.     On or about May 13, 2020 and May 14, 2020, victim A.L. received text messages from telephone number (\*\*\*)-\*\*\*-1914, which A.L. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).





## CAMPBELL TARGETED AND HARRASED OTHERS

20. A review of the call detail records further showed that CAMPBELL targeted other victims, as evidenced by the high volume of calls he made by using the *67 blocking technique to conceal his phone number. Further investigation of these telephone numbers and subsequent interviews confirmed there were at least ten (10) additional victims.

9

21. On or about August 5, 2020, law enforcement officers conducted an interview of A.L.'s best friend, M.P. She also indicated that she had been the target of CAMPBELL's conduct for over three years. She provided screenshots of threatening and harassing text messages, and audio recordings of the calls with CAMPBELL.

22. For instance, M.P. provided an audio recording of a telephone call she received from CAMPBELL on September 13, 2018. In the recording, M.P. identified CAMPBELL's voice as he stated, "it sucks that people are going to get injured over me . . . everybody's going to have to mourn someday."

23. In another audio recording made by M.P. on September 17, 2018, M.P. identified CAMPBELL's voice as he stated, "You thought you were doing something. Police cannot save you. Promise. You going to die. Promise."

24. On or about October 17, 2019, M.P. received text messages from telephone numbers (***)-***-5459 and (***)-***-5160, which M.P. believed to be CAMPBELL due to his past conduct and the content of the messages. (See below).



25. On or about August 5, 2020, law enforcement officers conducted an interview of A.L.'s sister, T.L. T.L. confirmed that she has witnessed CAMPBELL's conduct since approximately mid-2017. T.L. is currently employed at Berri Patch Preschool. From April 1, 2019 through May 18, 2020, CAMPBELL made approximately 1,587 calls using *67 to the preschool. He made an additional 167 calls without *67.

26.     T.L. also indicated that CAMPBELL sent several threating and harassing text messages. Law enforcement obtained a text message received by T.L. from CAMPBELL that was sent on or about July 3, 2018. The substance of the text was directed at A.L (See below).[4]



27.     The harassing and threatening calls and text communications described above caused A.L. and the other victims fear of death or serious bodily injury and substantial emotional distress.

28.     In or around June 2020, A.L. learned through a co-worker of CAMPBELL's that CAMPBELL had recently acquired a handgun. Law enforcement officers subsequently interviewed this co-worker and confirmed that he had been to CAMPBELL's house and that he had seen the firearm placed on a table, in open view.

---

[4] The first names of A.L. and T.L. have been redacted.

## CONCLUSION

29. Based upon the foregoing facts, your affiant respectfully submits there is probable cause to believe that BRANDON KEVIN CAMPBELL, acting with the intent to kill, injure, harass, intimidate, or place under surveillance with the intent to kill, injure, harass, or intimidate another person, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that places a person in reasonable fear of death of or serious bodily injury or causes, attempts to cause, or would be reasonably expected to cause substantial emotion distress to a person, in violation of Title 18, United States Code, Section 2261A.

**FURTHER YOUR AFFIANT SAYET NAUGHT.**

_____
THOMAS J. PAVLETIC, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim. P. 4.1 by Face Time this __29__ day of August 2020.

_____
HON. LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

13